# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MARTIN HEREDIA,<br><br>   Plaintiff,<br><br>   v.<br><br>J. THOMAS, et al.,<br><br>   Defendants. | Case No. 1:22-cv-01439-SAB (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 1) |

Plaintiff William Martin Heredia is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed November 8, 2022.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

///

///

1     A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

On March 26, 2022, while attending his scheduled dayroom another inmate called Plaintiff. The inmate was standing in the center of the dayroom and as Plaintiff approached him he said the tower control officer did not give him his phone call. Plaintiff noticed the inmate was trying to pull something from his mid-section and his hand was wrapped in a blue cloth. The inmate suddenly rushed at Plaintiff with a large metal knife and stabbed Plaintiff. Plaintiff's cellmate rushed over to assist Plaintiff and had he not intervened Plaintiff would have been killed because Defendant Thomas (who was the control officer) was not at his post. Plaintiff was injured as a result of the attack and he did not provoke the inmate prior to the attack. The two

1 floor officers, Ortiz and John Doe failed to follow protocol by failing to search any of the
2 inmates when they exited their cells to attend dayroom. Defendants E. Lacsina and D. Smith
3 both reacted slow in what resembled an "I don't care attitude" when it came to calling for
4 medical assistance for Plaintiff. Defendants sergeant Flores, D. Ybarra and lieutenant
5 McLemore all had supervisory positions before, during and immediately after this incident and
6 failed to direct responders, and as direct supervisors failed to teach those under them how to
7 follow protocol.

## III.

## DISCUSSION

### A. Failure to Protect

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833. The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. Id. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. Id. at 837.

The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Id. However, an Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. Id. at 842. Neither negligence nor gross negligence will constitute deliberate indifference. Id. at 835-36 & n.4. This is a question of fact. Id. at 842.

Plaintiff alleges only that control officer Thomas was not stationed in his tower and floor officers Ortiz and John Doe failed to search any of the inmates when they exited their cell,

1 contrary to protocol.  However, "deliberate indifference describes a state of mind more
2 blameworthy than negligence," and "Eighth Amendment liability requires more than ordinary
3 lack of due care for the prisoner's interests or safety." Farmer, 511 U.S. at 835 (internal
4 quotation marks omitted).  Plaintiff's allegations amounts to nothing more than potential
5 negligence which is insufficient to give rise to a constitutional violation.  The complaint contains
6 no factual allegations that the unprovoked assault on Plaintiff was anything other than a single
7 isolated incident of negligence.  Plaintiff presents no allegations that officers were aware that the
8 other inmate had a weapon until he displayed it during the attack.  Furthermore, a mere violation
9 of a prison policy and/or regulation does not give rise to a constitutional violation.  See Cousins
10 v. Lockyer, 568 F.3d 1063, 1070-71 (9th Cir. 2009) ("[S]tate departmental regulations do not
11 establish a federal constitutional violation."); Gardner v. Howard, 109 F.3d 425, 430 (8th Cir.
12 1997) ("[T]here is no [Section] 1983 liability for violating prison policy. [Plaintiff] must prove
13 that [the official] violated his constitutional right to receive mail or to access the courts.").
14 Accordingly, Plaintiff fails to state a cognizable failure to protect claim.

15       **B.**      **Supervisory Liability**

16       Supervisors may be held liable only if they "participated in or directed the violations, or
17 knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045
18 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v.
19 Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any
20 personal participation if the official implemented "a policy so deficient that the policy itself is a
21 repudiation of the constitutional rights and is the moving force of the constitutional violation."
22 Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations
23 marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825.

24       To prove liability for an action or policy, the plaintiff "must ... demonstrate that his
25 deprivation resulted from an official policy or custom established by a ... policymaker possessed
26 with final authority to establish that policy." Waggy v. Spokane Cty. Wash., 594 F.3d 707, 713
27 (9th Cir. 2010). When a defendant holds a supervisory position, the causal link between such
28 defendant and the claimed constitutional violation must be specifically alleged. See Fayle v.

Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Here, the asserted facts concerning the failure to train clam are inadequate. Plaintiff fails to allege that the supervisory Defendants had actual or constructive notice (or how they had that notice) that a deficiency in training concerning the policies and procedures that govern the safety and protection of prisoners caused staff to violate inmates' constitutional rights, that a pattern of similar constitutional violations by untrained employees existed, or that better training would have prevented the assault. Absent factual allegations to support any of the above, the claim for relief based on failure to train must be dismissed. Accordingly, Plaintiff fails to state a cognizable claim for supervisory liability.

## IV.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff fails to state a cognizable claim for relief and shall be granted leave to file an amended complaint to cure the deficiencies identified in this order, if he believes he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;
3. Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: **November 9, 2022**

UNITED STATES MAGISTRATE JUDGE